## MARY ANN SCHMIDT ET AL.
### v.
## DANIEL PIERCE.

CONSERVATOR—QUESTIONING APPOINTMENT IN COLLATERAL PROCEEDING.—In a bill to foreclose a mortgage alleged to have been made to appellee by a conservator of an insane person by virtue of an order of the county court, the defense sought to question the validity of the appointment of the conservator, alleging that the jury which found the party *non compos mentis* was composed of but six men, and therefore the appointment was

void. *Held*, that the county court, having acquired jurisdiction over the subject-matter and the person, its proceedings can not be attacked in this collateral proceeding.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed December 4, 1885.

Mr. GEORGE A. HILL, for plaintiff in error.

Messrs. BLADES & NEVILLE, for defendant in error.

CONGER, J. This was a bill to foreclose a mortgage alleged to have been made to appellee by Marshall Staik, as conservator of Mary Ann Schmidt, by virtue of an order authorizing the same made by the County Court of De Kalb county.

The defense seeks to question the validity of the appointment of the conservator, and the record discloses the fact that the jury which found Mrs. Schmidt *non compos mentis* was composed of but six men, and therefore, appellants insist, the appointment of the conservator which followed as a result of the finding was unauthorized, the whole proceedings were void, and can be attacked in this collateral proceeding. We can not assent to this view of the case. The county court, at the time of the alleged appointment, had jurisdiction of the subject-matter and of the person of appellant, and the very question now sought to be raised in this collateral proceeding was passed upon and considered by the court. It became the duty of that court to determine the question of the number required to constitute a jury, as well as all other questions properly arising, and whether the court erred in any of those questions or conclusions, can not be inquired into in a collateral proceeding of this kind.

Jurisdiction has been thus defined: The power to hear and determine a cause is jurisdiction. It is *coram judice* whenever a case is presented which brings this power into action.

The county court, after having once obtained jurisdiction over the subject-matter and the person of appellant, would not lose it, no matter how erroneous its proceedings.

We think the case of Dodge, Conservator, v. Cole et al., 97 Ill. 338, conclusive upon the point.

The decree of the circuit court will be affirmed.

Affirmed.